Citation Nr: 1302151 
Decision Date: 01/18/13 Archive Date: 01/23/13

DOCKET NO. 11-08 895A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUE

Whether new and material evidence has been received to reopen a claim for service connection for a left ankle disability (claimed as frozen left ankle, residuals of an old fracture of the tibia and fibula).


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

M. Young, Counsel


INTRODUCTION

The Veteran served on active duty from March 1943 to March 1946.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). A notice of disagreement was received in November 2009, a statement of the case was issued in March 2011, and a Substantive Appeal was received in April 2011.

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2012). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The reopened claim of service connection for a left ankle disability is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC.


FINDINGS OF FACT

1. A September 2007 rating decision declined to reopen the Veteran's claim of service connection for a left ankle disability. The Veteran did not file a timely notice of disagreement, and no evidence was received within one year of the date of notification of the determination. 

2. Certain evidence received since the September 2007 rating decision relates to an unestablished fact necessary to substantiate the claim of service connection for a left ankle disability. 



CONCLUSION OF LAW

New and material evidence has been received, and the claim of service connection for a left ankle disability is reopened. 38 U.S.C.A. §§ 5108, 7105 (West 2002); 38 C.F.R. § 3.156(a) (2012).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Veterans Claims Assistance Act of 2000 (VCAA)

The VCAA, in part, describes VA's duties to notify and assist claimants in substantiating a claim for VA benefits. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). The VCAA applies to the instant claim. However, in light of the reopening of the claim, further discussion of the VCAA is not necessary at this point. The matter of VCAA compliance with regard to the matter will be addressed in a future merits decision after action on the issue is undertaken as directed in the remand section of this decision.

Legal Criteria, Factual Background and Analysis

At the outset, it is noted that the Board has reviewed all of the evidence in the Veteran's claims file. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the extensive evidence of record. Indeed, the Federal Circuit has held that the Board must review the entire record, but does not have to discuss each piece of evidence. Gonzalez v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000); Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000). Therefore, the Board will summarize the relevant evidence where appropriate.

Petition to Reopen

The Veteran's claim for service connection for a left ankle disability was initially denied by rating decision dated in November 1985. It was subsequently denied on several occasions over the years. The most recent final denial was in September 2007. Specifically, in February 2007 the Veteran again petitioned to reopen the claim of service connection for a left ankle disability. A September 2007 rating decision declined to reopen the claim as no new and material evidence had been submitted. The Veteran was furnished notice of that determination and notice of appellate rights by letter dated that same month. He did not appeal that decision, nor did he submit new and material evidence within one year of notice of that decision; therefore it is final. Id. 

Applicable law provides that a claim which is the subject of a prior final decision may nevertheless be reopened if new and material evidence is presented or secured. 38 U.S.C.A. § 5108.

The Board must consider the question of whether new and material evidence has been received because it goes to the Board's jurisdiction to reach the underlying claim and adjudicate the claim de novo. See Barnett v. Brown, 83 F.3d 1380 (Fed. Cir. 1996). If the Board finds that no such evidence has been offered, that is where the analysis must end, and what the RO may have determined in that regard is irrelevant. Further analysis, beyond consideration of whether the evidence received is new and material, is neither required nor permitted. Id. At 1384. See also Jackson v. Principi, 265 F.3d 1366 (Fed. Circ. 2001).

New and material evidence is defined by regulation. See 38 C.F.R. § 3.156. New and material evidence means existing evidence not previously submitted to agency decision-makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

The United Stated Court of Appeals for Veterans Claims (Court) has held that the phrase raises a reasonable possibility of substantiating the claim must be viewed as enabling rather than precluding reopening. See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). However, to reopen a previously disallowed claim, new and material evidence must be presented or secured since the last final disallowance of the claim on any basis. See Evans v. Brown, 9 Vet. App. 273, 285 (1996). For purposes of reopening a claim, the credibility of newly submitted evidence is generally presumed. See Justus v. Principi, 3 Vet. App. 510, 513 (1992) (in determining whether evidence is new and material, "credibility" of newly presented evidence is to be presumed unless evidence is inherently incredible or beyond competence of witness). The Board is not bound by the RO determination in the instant case that new and material evidence has not been received and it will make an independent determination in this regard. Jackson, 265 F.3d 1366.

The Veteran seeks to reopen the claim of service connection for a left ankle disability which was last denied by the RO in a September 2007 final rating decision. The basis of the denial was that the Veteran failed to provide new and material evidence showing that he incurred fracture of his left tibia and fibula. Evidence of record at the time of the September 2007 final rating decision featured a November 2006 unsigned letter from Dr. D.W., and statements from the Veteran.

Evidence received subsequent to the September 2007 final decision includes an April 2009 statement from E.D., a certified registered physician's assistant, lay statements from R.J. and D.S., and a statement by the Veteran. In the April 2009 statement by E.D., she noted that the Veteran's left ankle fusion at age sixteen and his rigorous duties as a serviceman since 1942, caused posttraumatic arthritis, which contributed to the arthritis in his knees. He uses two canes to ambulate (since 1980) due to his ankle immobility. The Board finds that E.D.'s April 2009 statement is new evidence that relates to an unestablished fact necessary to substantiate the Veteran's claim. This new competent medical opinion indicates that the Veteran has the claimed disability (that pre-existed service) that developed into arthritis as a result of the rigors of military service. The credibility of this newly submitted evidence is to be presumed. See Justus, 3 Vet. App. 510. Therefore the claim is reopened. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156(a).


ORDER

New and material evidence has been received to reopen the claim of service connection for a left ankle disability. To this extent, the appeal is granted, subject to the directives set forth in the following remand section of this decision. 


REMAND

The Veteran claims entitlement to service connection for a left ankle disability.

At the outset, the Board notes that the Veteran's service treatment records and medical reports are unavailable. The RO requested his service medical records from the National Personnel Records Center, and was notified that the records were fire-related. Surgeon General Office records were offered and received as an alternate record source, but that record does not contain any of the Veteran's service treatment records or medical reports. The Board acknowledges that in a case in which a Veteran's service records are unavailable through no fault of his own, there is a heightened obligation for VA to assist in the development of the claim and to provide reasons or bases for any adverse decision rendered without such records. See O'Hare v. Derwinski, 1 Vet. App. 365 (1991); see also Moore v. Derwinski, 1 Vet. App. 401 (1991) (holding that the heightened duty to assist a Veteran in developing facts pertaining to his claim in a case in which service treatment records are presumed destroyed includes the obligation to search for alternative medical records). 

In view of the reopening of the claim, the Board believes that further development is now necessary to fully assist the Veteran with the de novo adjudication of his claim. The Board concludes that a VA examination is necessary since there is competent evidence of a current disability that pre-existed the Veteran's active duty service and such disability may have been aggravated therein. See McLendon v. Nicholson, 20 Vet. App. 79 (2006).

In addition, the record reflects that he was awarded disability benefits in 1981 from the Social Security Administration (SSA) due to an injury of his left ankle. While the Veteran has submitted a copy of the 1981 SSA award letter and decision, medical records associated with that decision are not of record, and there is no indication in the claims file that the RO has ever requested any of the Veteran's records in the possession of the SSA.

The Board finds that the SSA records would be relevant to the current appeal because it has been indicated in the record that the Veteran was awarded SSA disability benefits due to an injury of his left ankle. VA must make efforts to obtain any relevant medical evidence and/or administrative decisions regarding any claim by the Veteran for SSA disability benefits. On remand the RO must either obtain relevant records associated with any claim by the Veteran for SSA disability benefits, or, if the records do not exist or are not obtainable, obtain a negative reply from the SSA. See 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159; Golz v. Shinseki, 590 F.3d 1317, 1321 (Fed. Cir. 2010); Murincsak v. Derwinski, 2 Vet. App. 363, 370 (1992); Baker, v. West, 11 Vet. App. 163, 169 (1998). 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2012). Expedited handling is requested.)

1. The RO should take appropriate action to request and obtain all medical records and administrative decisions (not already of record) associated with the claim for SSA disability benefits the Veteran began receiving in the early 1980's. If the requested records are not available, or the search for any such records otherwise yields negative results, the fact should be clearly documented in the claims file. 

2. The Veteran should be scheduled for an appropriate VA examination with regard to his left ankle disability. It is imperative that the claims file be made available to the examiner for review in connection with the examination. Any current disability of the left ankle should be clearly reported. 

After reviewing the claims file and examining the Veteran, the examiner should respond to the following: 

Is it at least as likely as not (a 50% or higher degree of probability) that the Veteran's pre-existing left leg/ankle disability worsened in severity (due to his active duty service) beyond the natural progression of the disability? (Note: the Veteran underwent surgery for a left ankle fusion in the early 1940's, prior to enlistment). 

The examiner should provide a rationale for all conclusions. 

3. In the interest of avoiding future remand, the RO should then review the examination report to ensure that the above question has been clearly answered and a rationale furnished for all opinions. If not, appropriate action should be taken to remedy any such deficiencies in the examination report. 

4. Thereafter, the issue on appeal should be readjudicated. If the benefits sought on appeal are not granted, the Veteran and his representative should be provided with a supplemental statement of the case and afforded the appropriate opportunity to respond thereto. Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



______________________________________________
ALAN S. PEEVY
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs